## N. Y. COMMON PLEAS.

METROPOLITAN ELEVATED RAILROAD COMPANY agt. THE MANHATTAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAILROAD COMPANY and others.

*Injunction — New undertaking — When injunction must be vacated upon giving new undertaking — Code of Civil Procedure, section 629 — Effect of filing the undertaking and the vacating of the injunction as provided for in the amendment of this section upon a previous motion for the injunction which has been argued and not decided.*

Upon an application to vacate the injunction restraining the carrying out of the "merger agreement" upon filing the undertaking provided for under the new amendment of section 629 of the Code of. Civil Procedure:

*Held, first,* that as the defendants were required by the order served upon them to show cause why the injunction therein granted provisionally or *ad interim* should not be continued during the pendency of the action, and as they appeared upon the return day of this order and opposed the application, their so appearing and opposing must, within the meaning of the provision of the recent amendment to this section, be regarded as having the same force and effect as if they had applied upon notice to vacate the injunction.

*Second.* As the motion of the plaintiff to continue the *ad interim* injunction until the trial and judgment is, though argued, still under consideration, the application of the defendants now to vacate the injunction upon filing the undertaking provided for by the statute is, within the meaning of the new amendment, an application "upon the hearing."

*Third.* The alleged wrong and injury complained of is capable of being adequately compensated for in money, as it is the withholding from the Metropolitan road of the quarterly payments provided for in the original lease made by the directors, with the approval of the stockholders, and consists in the difference between the amount payable quarterly under that lease and the reduced amount payable quarterly under the October agreements, which reduced amounts the Manhattan Company have so far offered to pay. The extent, therefore, of the injury which the plaintiffs can sustain by vacating the injunction is the amount of that difference from the time of the service of the injunction until the action can be tried and the rights of the parties finally determined by a judgment.

*Fourth.* An undertaking, therefore, sufficient to cover the amount of this difference from the service of the injunction to the first of January next,

which difference it is agreed would amount to $196,000, is the proper measure of the plaintiffs' loss up to that period, and sufficient within the provisions of the new amendment to secure to the plaintiffs adequate compensation in money for any injury they may sustain by the vacating the injunction.

The amendment makes no distinction between injunctions *ad interim* and injunctions *pendente lite.* When the indemnity contemplated by the statute is given it puts an end alike to the injunction *ad interim* and to the motion to continue it while pending and undecided (*See, also, Metropolitan Elevated Railway Company* agt. *The Manhattan Railway Company, opinion by* LAWRENCE, *J., ante,* 277).

*At Chambers, June,* 1883.

APPLICATION to vacate the injunction restraining the carrying out of the " merger agreement" upon filing the undertaking provided for under the new amendment of section 629 of the Code of Procedure.

DALY, *C. J.* — My opinion upon the following matters, though substantially expressed upon the oral argument, I put in writing that it may appear precisely what the decision has been in respect to them, especially as they are preliminary to the final question that has been argued, which is, the effect of the filing of the undertaking and the vacating of the injunction as provided for in the recently enacted amendment of the Code upon the previous motion for the injunction, which has been argued and not decided, a question upon which I have felt much embarrassment and doubt.

These are my conclusions upon the preliminary matters above referred to :

*First.* As the defendants were required by the order served upon them to show cause why the injunction therein granted provisionally or *ad interim* should not be continued during the pendency of the action ; and as they appeared upon the return day of the order and opposed the application, their so appearing and opposing must, within the meaning of the provision in the recent amendment, be regarded as having the same force and effect as if they had applied upon notice to vacate the injunction.

*Second.* As the motion of the plaintiff to continue the *ad interim* injunction until the trial and judgment is, though argued, still under consideration, the application of the defendants now to vacate the injunction upon filing the undertaking provided for by the statute, is, within the meaning of the new amendment, an application " upon the hearing."

*Third.* The alleged wrong and injury complained of is capable of being adequately compensated for in money, as it is the withholding from the Metropolitan road of the quarterly payments provided for in the original lease made by the directors, with the approval of the stockholders, and consists in the difference between the amount payable quarterly under that lease and the reduced amount payable quarterly under the October agreements, which reduced amounts the Manhattan Company have so far offered to pay. The extent, therefore, of the injury which the plaintiffs can sustain by vacating the injunction is the amount of that difference from the time of the service of the injunction until the action can be tried and the rights of the parties finally determined by a judgment.

An equity term will be held next October, and another in the following December, in either of which the cause can be tried. An undertaking, therefore, sufficient to cover the amount of this difference from the service of the injunction to the first of January next, which difference, it is agreed, would amount to $196,000, is the proper measure of the plaintiff's possible loss up to that period, and sufficient within the provisions of the new amendment to secure to the plaintiffs adequate compensation in money for any injury they may sustain by the vacating the injunction.

At the equity term in October or in December the plaintiff can compel the defendants to go to trial, or if the court should allow the trial on the defendants' application to be postponed beyond these terms, it will be in the power of the court to exact as a condition that the plaintiff should have such further security as would cover any possible loss or injury to them thereafter.

*Fourth.* The form of the undertaking and the amount of it is, according to the provisions of the amended section, to be such as the court or judge before whom the application is made shall direct. My direction is that the undertaking shall be in such a form as to indemnify the plaintiff against any loss or injury they may sustain from the time of the vacating of the injunction to the trial and judgment, and that the amount of the undertaking shall be $196,000. The three sureties named by the defendants who are to execute the undertaking are satisfactory, and upon the filing of such an undertaking the defendants will be entitled to an order vacating the injunction.

The undertaking being filed and the injunction vacated the question arises as to the effect of the vacating of it upon the motion to continue the injunction during the pendency of the action, which has not been decided.

The plaintiff claims that the only effect is that the *ad interim* injunction is vacated, which leaves the motion still to be decided; that is, that it remains still to be decided, whether the *ad interim* injunction, which has been vacated, shall, in effect, be continued during the pendency of the action. They insist that the distinction must be recognized that the injunction *ad interim* is not an injunction restraining the execution of the agreement *pendente lite,* which is what they moved for; and that it is my duty, notwithstanding that the *ad interim* injunction is vacated, to go and decide upon the motion whether or not the plaintiffs are entitled, during the pendency of the action, to have the restraint continued, the counsel for the plaintiff conceding that if I should decide that they are, and grant such an injunction, that then the defendants would have the right, under the recent amendment, to move to vacate that injunction, upon giving the undertaking provided for in the amendment; which is, in effect, that there may be two undertakings under their recent enactment — one upon vacating an injunction during the pendency of the motion, and another on vacating

an injunction during the pendency of the action. In brief they claim that under this section, as the matter now stands, there is but one injunction which can be vacated.

I was much impressed with this objection, as the only injunction is the one I granted until the hearing of the motion; but, after a full consideration of this difficulty and a careful examination of the new provision in the Code, I am satisfied that the construction which the plaintiffs put upon it, and which, if they were entitled to a continuation of the injunction, would, if the defendants want the restraint wholly removed, involve the necessity of their giving two undertakings, both of the like effect and amount, cannot be correct. The amendment makes no distinction between injunctions *ad interim* and injunctions *pendente lite.* What this new provision obviously means is, that if the wrong and injury complained of is reparable and capable of being adequately compensated for in money, the party enjoined may be relieved from the restraint imposed by indemnifying the other party against any possible loss or injury he may sustain; and, this indemnity being given, it can make no difference whether the injunction was *ad interim* or to continue until there was a judgment.

The provision is mandatory, that the judge or court " must," unless the alleged wrong or injury is irreparable and incapable of being adequately compensated in money, vacate the injunction upon the filing of the undertaking provided for. It is therefore the duty of the judge, when an application is made to run under this new provision, to determine, first, whether the alleged wrong or injury which the injunction, provisional or otherwise, was granted to prevent can be compensated in money. What the alleged wrong or injury is will appear by the complaint, or the exact nature or effect of it may appear more particularly by the affidavits upon which the preliminary injunction was granted, or by affidavits read by either party upon the application to vacate. If he determine that it can be adequately compensated by money, then the

duty is imposed upon him to fix the amount of the under-
taking, which must necessarily be such an amount as would
cover any pecuniary injury which the party who obtained the
injunction could sustain by removing the restraint which was
imposed to prevent that injury. This implies on the judge's
part a knowledge acquired, from the facts before him, of the
nature and extent of the injury apprehended, and, if it should
happen, what would be an adequate compensation for it in
money ; which amount, in my opinion, it is his duty to require
in the undertaking, within the plain meaning of this new pro-
vision. Having done this, and directed both in form and by
the amount of the undertaking what will indemnify the
plaintiff for " the alleged wrong or injury," the undertaking so
directed is filed, and the injunction order vacated, which, it
appears to me, puts an end to all further proceedings upon
the application for an injunction, a pecuniary indemnity
having, in the manner provided for in the statute, been sub-
stituted for the previous equitable remedy by injunction.

If all this has been done, then the plaintiffs have been
idemnified against all possible loss or injury that may happen
to them from that time to the determination of the action, by
the defendants doing any of the acts which they were
restrained from doing; and I wholly fail to see why there
should or how there can be any further proceeding in the
motion for the injunction.

If the judge should hold on the return of an order to show
cause that there was no ground for the injunction which he
had granted *ad interim*, that would be the end of the motion
for the continuation of it. The decision would be that the
motion must be denied, and the injunction vacated. The
effect is analogous when the judge holds, under this new pro-
vision, that the wrong and injury complained of can be com-
pensated in money, and that the *ad interim* injunction he
granted must be vacated upon the defendants filing an
undertaking in the amount which the judge directs, and the
defendants, in making such an application, may be said

Metropolitan Elevated Railroad Co. agt. Manhattan Railway Co.

impliedly to admit the right to the injunction and to the continuation of it in the same sense that a defendant concedes the right to make the arrest, when he gives bail, instead of moving to discharge it.

In my opinion, when the idemnity contemplated by the statute is given it puts an end alike to the injunction *ad interim* and to the motion to continue it. After a very careful examination and full reflection, I can come to no other conclusion. In doing so, I fully appreciate the reason for the earnestness with which the plaintiff's counsel has urged that I should still go on and decide the motion. The question discussed in it, the validity of the October agreement, is the main question in the action, having other questions involved with it as to the plaintiff's right to impeach the validity of these agreements.

A great deal of time has been devoted to the preparation of the argument upon both sides. Many days were occupied by the oral argument. Voluminous briefs were afterwards printed and submitted, embracing a very large citation of authorities. Under these circumstances the plaintiffs feel strongly that so much time should be lost, labor devoted and expense incurred without any result, by having the motion arrested and put an end to, under a provision in the Code which took effect as a law, after the motion had been argued. But the statute is imperative; the further consideration of the motion depends upon its construction, and the interpretation I have put upon it is, in my judgment, the correct one.