CHARLES E. COPELAND AND EARLE C. BACON, Respondents, v. THE JOHNSON MANUFACTURING COMPANY, Appellant.

*A trustee of a corporation cannot bind it by agreements made with it securing a benefit to himself — his remedy to recover for services rendered to it is by a quantum meruit.*

Contracts were made between one Johnson, who was the president and one of the trustees of the defendant corporation, and two of the other four trustees of the company, for the payment to him of fixed compensations for the performance of services rendered by him for the defendant, the agreements being dependent for their existence upon the vote of Johnson as well as of the other two trustees. Thereafter Johnson assigned his demands against the company to the plaintiffs, who brought this action upon them.

*Held,* that the agreements were illegal and that the action could not be maintained.

That the remedy of the plaintiffs for the recovery of the value of the services rendered by Johnson was by an action upon a *quantum meruit* and not upon the agreements.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury directed by the court.

*Sutherland E. Tenny,* for the appellant.

*Robert L. Harrison,* for the respondents.

Daniels, J. :

The verdict was recovered upon assigned demands made by Frank G. Johnson, who was the president and one of the trustees of the

defendant. Contracts were made and entered into by and between himself and two of the other four trustees of the company, for the payment to him of fixed compensations for the performance of services rendered by him for the defendant. The action was brought upon these agreements. They were proved and given in evidence on the trial, and the amount remaining unpaid to him at the rates of compensation stipulated for in the agreements was at the time of the trial $5,070.32, and it was for that the court directed the verdict in favor of the plaintiffs as the assignees of Johnson. At the meetings when the agreements were made and entered into Johnson and two of the other trustees were the only persons who were present. They formed a bare majority of the five trustees of the company, and the agreements entered into were dependent for their existence upon the vote of Johnson, as well as of the other two trustees who convened with him. On the trial the right of the plaintiffs to recover on the agreements made in this manner was resisted by the defendant, ·but the court overruled the objection taken and the defendant excepted. These exceptions were well taken for the reason that a director or trustee of a corporation is disabled from stipulating or agreeing in behalf of the corporation and of himself for a benefit from it to himself. He acts in the capacity of a trustee, as he was designated by the statute to be in this instance, of the company, and while acting and exercising authority in that capacity he was legally bound to act for the company and to promote and advance its interests, instead of those of his own, at the expense of the company. And as he sustained that relation to the company he could not bind it by agreements securing or obtaining these beneficial results for himself. This was held in *Butts* v. *Wood* (37 N. Y., 317); *Coleman* v. *Second Avenue Railroad* (38 id., 201); and *Metropolitan Railroad Company* v. *Manhattan Elevated Railroad Company* (11 Daly, 367), where the principle was maintained upon authority that a " trustee cannot fortify himself by a contract which he makes with himself or for his own interest, and set it up either at law or in equity as a valid obligation. It is of no binding force as a contract and a *cestui que trust* may repudiate it at will." (Id., 492.)

The agreements, therefore, which the trustees made with the assignor must be pronounced to be illegal, and can furnish no sup-

port to this action as contracts. The remedy of the plaintiffs for the recovery of the value of the services rendered is by an action upon a *quantum meruit* and not upon these agreements. They have never been approved or sanctioned by the stockholders of the company, and are required to be disaffirmed on its behalf, although the shares not owned by these three trustees amounted to no more than one-twentieth of the entire stock of the company.

The persons owning stock and not assenting to the agreements are as fully entitled to protection against the violation of this legal principle, as though a majority instead of a minority had never given their concurrence to the making of the contracts.

The judgment should be reversed and the verdict set aside and a new trial ordered with costs to abide the event.

Van Brunt, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.